FILED

2011 Dec-14  PM 02:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN  DIVISION

| | | |
|---|---|---|
| **WELLS FARGO BANK NA** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **CV-10-BE-2734-S** |
| **G. MICHAEL WALDHEIM, et. al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |
| | ] | |

## MEMORANDUM OPINION

This diversity matter, based the alleged failure to pay two loans, is before the court on

"Plaintiff's Motion for Summary Judgment" (doc. 18). Plaintiff filed a brief in support of the

motion (doc. 19).  For the reasons stated in this Memorandum Opinion, the court GRANTS the

motion.

## I.  PROCEDURAL BACKGROUND

On October 12, 2010, Plaintiff, Wells Fargo Bank, N.A., filed this suit against GMW and

Company, Inc., an Alabama corporation, and two individual guarantors, Michael Waldheim and

Laura Waldheim, asserting that GMW had borrowed money from Wells Fargo on two loans and

had failed to pay back the money borrowed.  Wells Fargo asserts claims in eight counts: Count I -

Breach of Contract based on Defendants' default on the July 24, 2007 loan (loan 1); Count II -

Breach of Contract based on Defendants' default on the November 17, 2003 loan  (loan 2); Count

III - Money Had and Received against all Defendants on loan 1; Count IV - Money Had and

Received against all Defendants on loan 2; Count V - Unjust Enrichment against all Defendants on loan 1; Count VI - Unjust Enrichment against all Defendants on loan 2; Count VII - Attorneys' Fees due Plaintiff from all Defendants under loan 1; and Count VIII - Attorneys' Fees due Plaintiff from all Defendants under loan 2.

On November 3, 2010, Defendants filed an Answer with Michael Waldheim signing on behalf of himself and GMW and Company, and Laura Waldheim signing on behalf of herself. Wells Fargo filed a motion to strike (doc. 9) the Answer of GMW and Company because a corporation cannot appear *pro se* and must be represented by counsel and neither of the individual Defendants is a licensed attorney.  The court granted the motion and struck GMW and Company's answer.  After the court's striking of GMW and Company's Answer, that Defendant has not filed an Answer and no attorney has appeared on its behalf; neither has Plaintiff moved for default judgment against GMW and Company.

On March 16, 2011, Plaintiff propounded written discovery, including requests for admissions to Defendants.  (Doc. 20, Ex. 2, at 48-52 ).  The requests for admissions included instructions.  Defendants failed to respond timely to the requests for admissions but did submit responses on August 2, 2011, over three months after the responses were due. (Doc. 20, Ex. 4, at 96-98; Doc. 13).

On June 7, 2011, Wells Fargo filed a motion to compel (doc. 13), advising the court that Defendants had not responded to any of the written discovery requests, and requesting that the court compel Defendants to answer the outstanding interrogatories and requests for production. Attached to the motion were letters from Wells Fargo to the Defendants, requesting responses. The second letter acknowledged that Defendants had requested in May of 2011 an extension of

2

time to respond.  In that second letter, counsel for Wells Fargo advised them that the requests for admission had been deemed admitted after 30 days with no response, but that Wells Fargo would extend to May 20, 2011 the deadline for providing the other discovery responses.

On June 28, 2011, the court held a status conference with counsel for Wells Fargo and Mr. Waldheim.  During the conference, the undersigned judge advised Mr. Waldheim that, as a *pro se* who was not an attorney, he could not represent GMW; he needed to procure counsel. The judge as advised Mr. Waldheim that, because the case was non-jury, she could not be involved in any settlement discussions.  On July 12, 2011, Mr. Waldheim sent a letter to the court that discussed settlement negotiations.  (Doc. 22, Ex. B, at 10).  The judge returned the letter, advising Mr. Waldheim that she had stopped reading the letter when she realized it discussed settlement negotiations and reminding him what she said at the status conference.

On July 19, the court granted Wells Fargo's motion to compel, and gave Defendants fourteen days to produce the requested responses.  On August 2, 2011, Defendants responded to the requests for admissions, interrogatories, and requests for production.  (Doc. 20, Ex. 4, at 96-104).

On August 8, 2011, Wells Fargo filed the motion for summary judgment under consideration.  (Doc. 18).  The individual *pro se* Defendants did not *file* a response with the Clerk of Court, as Appendix II requires.   Wells Fargo filed a reply (doc. 22), which attached as Exhibit A the response that *pro se* individual Defendants sent to directly to counsel for Wells Fargo but not to the Clerk of Court for filing. The first paragraph of the response discussed settlement negotiations.  The response did not address each numbered "Undisputed Fact" and provide citations to the record for any disputes, as this court's "appendix II"  requires.  In its

Order Setting Briefing Schedule on the motion for summary judgment, the court stated that "[a]ll submissions should comply with "Appendix II."

On November 28, 2011, the court entered an Order (doc. 25) accepting the document Defendants sent to Wells Fargo, attached as Exhibit A to its reply, as Defendants' response to the motion for summary judgment and deemed that document to have been filed. In that Order, however, the court also struck the paragraph of Defendants' response referring to settlement negotiations and gave Defendants another opportunity to *file* additional evidence and a brief referencing that evidence and case law in opposition to the motion for summary judgment. The court set a deadline for *filing* that additional evidence on December 8, 2011. Defendants failed to *file* additional evidence or a brief by the deadline; the court did not accept as filed the documents that Defendants emailed to this court's chambers.[1]

---

[1] On December 8, 2011 at 4:48 p.m., Defendants e-mailed to this court's chambers the following documents: "Response to Attorneys Brief;" the United States Senate investigative report of 639 pages entitled "Wall Street and Financial Crisis: Anatomy of a Financial Collapse;" and the "Financial Crisis Inquiry Report," of the National Commission totaling 633 pages. The administrative procedures of the federal court do not allow *pro se* litigants to e-file or e-mail documents to the clerk's office for filing and certainly do not allow for *filing* documents by e-mail to the judge's own chambers, but instead, requires them to provide paper copies to the clerk's office for scanning and electronic filing. In failing to *file* a response, Defendants not only failed to comply with the federal court's administrative procedures but also failed to comply with this court's Amended Order of November 28, 2011 (doc. 25) that gave them one more chance to *file* a proper response. That Amended Order stated in part: "**The court advises Defendants that if they fail to *file* responsive materials to the motion for summary judgment, such as legal briefs and affidavits with sworn testimony, that failure may result in a judgment in favor of Plaintiff and against Defendants and the closing of this case without further notice ...** [T]he court notes that Defendants' [previous] response did not rely on any case law or evidence such as affidavits with sworn testimony. If Defendants choose to do so, Defendant may *file* on or before **December 8, 2011** additional *evidence* and a brief referencing that evidence or other evidence of record, as well as relevant case law." (Bold in original, italics added). Defendants failed to *file* their response as directed. In any case, the court notes that the e-mailed documents did not otherwise comply with the court's directions to provide *evidence* in opposition to the motion for summary judgment and a brief referencing that *evidence* and relevant case law.

On December 13, 2011, the court received in the after hours filing box a document in a manila envelope with the undersigned judge's name on it.  Upon receiving the envelope, the judge determined that the Defendants were attempting to file the document inside, which was apparently identical to the "brief" e-mailed to chambers.  The judge sent it to the Clerk of Court for docketing as an additional response in opposition to the motion for summary judgment (doc. 27).  Plaintiff filed a motion to strike (doc. 28) Defendants' response, and the court granted the motion (doc. 30).

## II.  FACTS

Loan 1

On July 24, 2007, Wachovia Bank made a loan to GMC and Company in the maximum principal amount of $275,000.  The promissory note evidencing that loan provided for interest accruing at the "Bank's Prime Rate," "a late charge equal to 5% of each payment past due for 10 or more days," and "reasonable expenses actually incurred to enforce or collect any of the Obligations including . . .  attorneys' and experts' fees and expenses. . . ." (Doc. 20, Ex. A, at 10-15, 67-72).  Michael and Laura Waldheim signed as GMW and Company's president and secretary, respectively.

Further, as an inducement for Wachovia to make the loan, Michael and Laura Waldheim signed an "Unconditional Guaranty," also dated July 24, 2007, purporting to obligate them "jointly and severally" to guarantee payment "to Bank and its successors, assigns and affiliates the timely payment and performance of all liabilities and obligations of Borrower to Bank and its affiliates, including, but not limited to, all obligations under any notes, loan agreements. . . ." The Guaranty also obligates the guarantors to "reasonable expenses incurred to enforce or collect any

5

of the Guaranteed Obliations, including, without limitation, reasonable . . .attorneys' and experts' fees and expenses ...." (Doc. 20, Ex. , at 16- 21).

The Forbearance Agreement, by its terms, purported to modify this loan, as explained below.

The affidavit of Michael Coggin, Vice President of Wells Fargo Bank, N.A., states that Wells Fargo is the successor-by-merger to Wachovia Bank, N.A.

Loan 2

SouthTrust Bank also made a loan to GMW and Company as evidenced by a promissory note dated November 17, 2003 obligating the company in the maximum principal amount of $18,150.  The promissory note provided for a variable rate of interest, a late charge of 5% if the payment is 10 days or more late, and attorneys' fees and expenses if the bank hires or pays someone to help collect the money due on the note.  Michael and Laura Waldheim signed the note on behalf of GMW Company as its president and secretary, respectively.  The collateral listed securing the loan included "all commercial security agreements covering (1) 1998 GMC 371-1042 . . . and commercial guaranties executed by G. Michael Waldheim and Laura Waldheim."  (Doc. 20, Ex. C, at 22- 23).  Further, in July 2007, Michael and Laura Waldheim signed the unconditional guaranty, referenced above, that purports to guarantee payment to the Bank of Borrower's obligations under any notes and loans owed to Wachovia Bank, its successors, assigns, and affiliates.

The Complaint makes certain statements about the successor-in-interest relationship between Wells Fargo and SouthTrust; however, the *evidence* does not carefully spell out that relationship.  Defendants did not dispute that Plaintiff is now the holder of both Loan Documents

6

in question.  Indeed, in the document that this court has treated as Defendants' response to the motion for summary judgment (doc. 22, at 7-10), and in their belated responses to discovery (doc. 20, at 96-104), Defendants state that they are not disputing that they owe Plaintiff under the loans but merely dispute the amount owed.  The court accepts that Wells Fargo is the successor-in-interest of Wachovia Bank and SouthTrust Bank and is the holder of the loan documents in question.

The Forbearance Agreement purported to modify Loan 2, as explained below.

Forbearance Agreement

On January 1, 2009, Wachovia entered into a "Forbearance and Modification Agreement" with obligors – GMW and Company, Michael Waldheim and Laura Waldheim – referencing both loans and also referencing a lawsuit that Wachovia commenced in December of 2008 for breach of contract under the loans.  In the recitals to that agreement, the parties note that Loan 2 was "evidenced by that certain Promissory Note dated November 17, 2003 made by Borrower in favor of SouthTrust Bank, predecessor by merger to Lender."  (Doc. 20, Ex. 1). The parties agreed that as of November 30, 2008, the unpaid principal amount owing under note 1 was $275,000 and the unpaid principal amount owing under note 2 was $2,478.94.  At the request of the obligors, Wachovia agreed to forbear from exercising its rights under the loan documents if the obligors would make payments in accordance with the forbearance agreement.

Default

The forbearance period described in the Forbearance Agreement has expired and all amounts due and owing pursuant to the two loan agreements have been accelerated by Wells Fargo.  By letter dated June 10, 2009, Wachovia Bank gave Defendants notice of the acceleration

and made demand for payment in full of all amounts owing pursuant to the loan documents. Defendants failed to pay all amounts due under the loan documents.

The amount outstanding on loan 1 as of August 4, 2011, the date the motion for summary judgment was filed, and as modified by the Forbearance Agreement, exclusive of expenses of collection, attorneys' fees, and costs, was $326,569.18.  This amount  includes outstanding principal in the amount of $275,000, accrued and unpaid interest in the amount of $37,151.92, and late fees in the amount of $14,417.26.

The amount outstanding on loan 2 as of August 4, 2011 and as modified by the Forbearance Agreement, exclusive of expenses of collection, attorneys' fees and the costs of this action, was $2,959.05, which includes outstanding principal in the amount of $2,478.94, accrued and unpaid interest in the amount of $268.95 and late fees in the amount of $211.16.

### III.  STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure.  Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering

evidence showing no dispute of material fact or by showing that the non-moving party's evidence

fails to prove an essential element of its case on which it bears the ultimate burden of proof.

*Celotex*, 477 U.S. at 322-23.  Rule 56, however, does not require "that the moving party support

its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id.*

Once the moving party meets its burden of showing the district court that no genuine

issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that

there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats &

Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not

significant unless the disagreement presents a "genuine issue of material fact."  *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)   Substantive law determines which facts are

material and which are irrelevant.  *Id*. at 248.  In responding to a motion for summary judgment,

the non-moving party "must do more than simply show that there is some metaphysical doubt as

to the material fact."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

(1986).  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by

the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts

showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P.

56(e)); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28

U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to

assess the proof in order to see whether there is a genuine need for trial.").  "The non-moving

party need not present evidence in a form admissible at trial; however, he may not merely rest on

his pleadings."  *Graham v. State Farm Mut. Ins.* Co., 193 F.3d 1274, 1282 (11th Cir. 1999)

(citing *Celotex,* 477 U.S. at 324).  If he does, or if the evidence is "merely colorable, or is not

significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50

(citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented

through the prism of the substantive evidentiary burden," to determine whether the nonmoving

party presented sufficient evidence on which a jury could reasonably find for the nonmoving

party.  *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir.

1988).  The court must refrain from weighing the evidence and making credibility

determinations, because these decisions fall to the province of the jury.  *See Anderson*, 477 U.S.

at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v.

State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).  Furthermore, all evidence and

inferences drawn from the underlying facts must be viewed in the light most favorable to the

non-moving party.  *Graham*, 193 F.3d at 1282.  The non-moving party "need not be given the

benefit of every inference but only of every reasonable inference."  *Id.*  The evidence of the non-

moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor."

*Anderson*, 477 U.S. at 255.  After both parties have addressed the motion for summary judgment,

the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party

is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

## IV.  DISCUSSION

### A.  GMW and Company, Inc.

The record reflects that the summons issued to Defendant GMW and Company, Inc. was

served on November 11, 2010 and returned executed the same day.  (Doc. 8).  As noted

previously in this opinion, Defendant Michael Waldheim attempted to file an Answer on behalf of GMW and Company, Inc.  However, Wells Fargo filed a motion requesting this court to strike the answer because the individual Defendants, Michael and Laura Waldheim, are not attorneys licensed to practice before this court and corporations cannot appear *pro se*.  *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel.").  On November 16, 2010, over a year ago, the court struck the Answer on behalf of GMW and Company, and the court discussed with Michael Waldheim at the June 2011 status conference his inability as a *pro se* non-lawyer to represent GMW and Company, Inc. Despite the striking of GMW and Company's Answer and the reminder at the status conference, no counsel has appeared on behalf of GMW and Company or filed an Answer on its behalf. Accordingly, the court *sua sponte* FINDS that Defendant GMW and Company is in default, and the court WILL ENTER by separate order a default judgment against Defendant GMW and Company, Inc. and in favor of Plaintiff Wells Fargo.

Alternatively, for the reasons stated in section B., the court FINDS that Wells Fargo has established its *prima facie* case of breach of contract against Defendant GMW and Company under Count I, asserting breach of  the contract based on Loan 1, and Count II, asserting breach of the contract based on Loan 2.  The motion for summary judgment is due to be GRANTED in favor of Plaintiff, Wells Fargo, and against the Defendant GMW and Company as to the claims asserted in Counts I and II for breach of contract.

### B. Individual Defendants Michael and Laura Waldheim

#### 1. Breach of Loan Contracts

In Count I and II of the Complaint Plaintiffs assert state law claims of breach of contract based on Loan 1 and Loan 2, respectively.  The elements of breach of contract are well-established under Alabama law: (1) that a valid contract between the parties exists; (2) that the plaintiff performed under the contract; (3) that the defendant failed to perform under the contract; and (4) that the plaintiff was damaged as a result.  *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105-6 (Ala. 2002).

"A promissory note is a form of contract; therefore, it must be construed under general contract principles."  *Bockman v. WCH, LLC*, 943 So. 2d 789, 795 (Ala. 2005).  When they failed to respond to the Requests for Admissions within 30 days after service of those requests, the Waldheims admitted all information in those requests pursuant to Rule 36(a)(3) of the Federal Rules of Civil Procedure.  The admitted  information, and the other *evidence* that Wells Fargo presented in support of its motion, establishes Wells Fargo's *prima facie* case of Defendants' breach of both promissory note contracts.  The court acknowledges that the individual Defendants sent belated responses to the discovery requests and in those belated responses they denied some facts on which Wells Fargo now relies; however, Defendants have provided no *evidence* by affidavit, deposition testimony, admissible documents, or otherwise that support their position.  And, as noted previously, the individual Defendants have never denied that they owe money pursuant to the two loans and Forbearance Agreement.  In other words, they acknowledge that they have breached those contracts.  They simply contest the *amount* of money they owe because of the breaches.

12

Defendants' responses reference the current financial crisis, the existence of which this court recognizes. However, the banks did not force Defendants to obtain loans or to guarantee loans, and Defendants have an obligation despite the financial crisis to honor the obligations under loans they have made and/or guaranteed. The court has reviewed the documents submitted, and Defendants have provided no evidence of illegality or fraud as to these specific loans, the unconditional guarantee, the forbearance agreement, or any specific documents upon which Wells Fargo relies in support of its motion for summary judgment.

Therefore, the court finds that Wells Fargo has established its *prima facie* case of breach of contract under Count I, asserting breach of the contract based on Loan 1, and Count II, asserting breach of the contract based on Loan 2. As to the claims asserted in those counts, the motion for summary judgment is due to be GRANTED in favor of Plaintiff, Wells Fargo, and against the Defendants.

In light of this ruling, the court need not and does not address the equitable claims of unjust enrichment and money had and received; it does not reach the motion for summary judgment as to those claims asserted in Counts III, IV, V, and VI.

**C. Damages**

**1. Loan 1**

The court finds that the amount that Defendants GMW and Company and Michael and Laura Waldheim owe Wells Fargo as a result of the breach of the contract based on Loan 1 is the principal amount due of $275,000, plus interest accrued on the principal amount *as of August 4*, 2011 in the amount of $37,151.92, plus late fees in the amount of $14,417.26, for a sub-total of $326,569.18 *as of August 4, 2011.*

### 2.  Loan 2

The court finds that the amount that Defendants GMW and Company and Michael and Laura Waldheim owe Wells Fargo as a result of the breach of contract based on Loan 2 is the principal amount due of $2,478.94, plus interest accrued on the principal amount *as of August 4, 2011* in the amount of $268.95; plus late fees in the amount of $211.16, for a sub-total of $2,959.05 *as of August 4, 2011*.

### 3.  Fees and Costs

The loan documents specifically provide for the recovery of attorneys' fees and costs incurred in collecting the amounts owing under the Loan Documents, and Defendants have admitted that those documents provide for a reasonable attorney's fee.  Wells Fargo has submitted the affidavit of Jason Woodard establishing attorneys' fees and expenses as of August 3, 2011 in the total amount of $20,392.58, with $18,805.50 in attorneys fees and $1,587.08 in expenses.  The court finds that Wells Fargo has established that it incurred these fees in collecting the amounts owing under Loans 1 and 2 and that this amount of fees and expenses is reasonable as of August 3, 2011.  Therefore, the court GRANTS the motion for summary judgment to the extent that it asserts claims in Counts VII and VIII for attorneys' fees and costs and will enter a judgment in favor of Wells Fargo and against Defendants that includes attorneys' fees and expenses in the amount of $20,392.58 *as of August 3, 2011*.


The court recognizes that interest, and perhaps fees, has/have accrued since Wells Fargo filed the motion for summary judgment.  Therefore, the court will DIRECT Wells Fargo to provide as soon as possible but no later than **noon on December 19, 2011** additional calculations

14

of accrued interest due, and any additional fees due, as of **December 19, 2011** and the total

judgment amount given those calculations. Upon Wells Fargo's further submission of those

calculations and sums, the court will enter, by separate Order, a judgment in favor of Plaintiff

and against all three Defendants.

Done and dated this 14th day of December, 2011.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE